# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LISA D. GOESSLING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 11-cv-045-DRH |
| | ) | |
| **OLD REPUBLIC INSURANCE COMPANY,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is plaintiff's motion to remand (Doc. 5). Plaintiff argues removal was improper because there is no diversity of citizenship. Plaintiff, herself an Illinois citizen, claims defendant corporation is also an Illinois citizen pursuant to the direct action language found in 28 U.S.C. § 1332(c)(1). Defendant claims the instant case does not fall within that direct action provision, meaning there is complete diversity among the parties and removal was proper (Doc. 7). Based on the record and the applicable law, the Court denies the motion to remand.

On or about November 30, 2010, plaintiff filed a three-count complaint against defendant in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois (Doc. 2-1). Defendant removed this action on or about January 14, 2011, pursuant to 28 U.S.C. § 1441 based on 28 U.S.C. § 1332, diversity jurisdiction (Doc. 2).

Diversity jurisdiction requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A corporation shall be deemed a citizen of any state of incorporation and of the state where it has its principal place of business,

> except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). The Seventh Circuit has stated this provision is "a special rule for insurers in 'direct actions'-that is, cases in which a person with a claim against the insured sues the insurer directly." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998). In direct actions, insurers have not only their normal citizenships, but also the citizenships of the insured. *Id.* Cases where insureds sue their own insurers are not direct actions. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 511 n.1 (7th Cir. 2008).

Here, plaintiff alleges in her complaint she was the occupant of a vehicle insured by defendant when there was a collision with a different vehicle, resulting in injuries to the plaintiff. Plaintiff alleges in paragraph 5 of each count of her complaint that she is an insured of defendant. Allegations in a complaint are binding admissions. *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). Accordingly, as plaintiff admits this is a case of an insured suing her insurer, it is not a direct action and does not fall within the direct action provision of 28 U.S.C. §

1332(c)(1). Plaintiff is a citizen of Illinois and defendant is not. There is complete diversity of citizenship and removal was proper.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.10 15:44:18 -05'00'

**Chief Judge
United States District Court**